UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY MAJOR WILLIAMS and
JOILYNN WILLIAMS,                              Case No. 2:19-cv-12538

        Plaintiffs,                           HONORABLE STEPHEN J. MURPHY, III

v.

CITY OF DETROIT, et al.,

        Defendants.
                                    /

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [23]**

Plaintiffs alleged that two Detroit Police Officers violated their Fourth Amendment rights and intentionally inflicted emotional distress ("IIED") when they searched Plaintiffs' home. ECF 1. Plaintiffs then sued the City of Detroit, the Detroit Police Department, and two John Doe Police Officers under 42 U.S.C. § 1983. *Id.* After discovery closed, Defendants moved for summary judgment. ECF 23. The Court reviewed the briefing and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will grant the motion.

**BACKGROUND**

On August 23, 2016, two Detroit Police Officers allegedly searched Plaintiffs' home. ECF 1, PgID 3. The Officers had obtained a warrant that asserted there was ongoing narcotics activity at Plaintiffs' home. *Id.* But the Officers did not find any evidence of narcotics activity. *Id.*

1

After the search, Plaintiffs were fearful that the police might again search their home, so they moved to a different home. *Id.* at 4. And, on August 22, 2019, Plaintiffs filed a complaint related to that search. ECF 24, PgID 168; *see Williams v. Detroit*, No. 19-cv-12473, ECF 1 (E.D. Mich. Aug. 22, 2019). The Court dismissed the previous case because Plaintiffs did not pay the filing fee and had no right to proceed in forma pauperis. *Williams*, No. 19-cv-12473, ECF 3 (E.D. Mich. Aug 27, 2019). On August 28, 2019, Plaintiffs filed the present § 1983 complaint. ECF 1.

## LEGAL STANDARD

Summary judgment is proper if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material for purposes of summary judgment if its resolution would establish or refute an "essential element[] of a cause of action or defense asserted by the parties[.]" *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quotation omitted).

The Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cnty.*, 819 F.3d 834, 848 (6th Cir. 2016) (citation omitted). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## DISCUSSION

Defendants argue that Plaintiffs' claims are time-barred. ECF 23, PgID 132–34. "Limitations periods in § 1983 suits are to be determined by reference to the

2

appropriate 'state statute of limitations and the coordinate tolling rules.'" *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (quoting *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980). For § 1983 actions arising in Michigan, federal courts borrow the state's three-year limitations period for personal injury actions. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citations omitted); Mich. Comp. Laws § 600.5805(2) ("[T]he period of limitations is 3 years after the time of death or injury for all actions to recover damages for the death of a person or for injury to a person or property."). The limitations period for claims alleging unlawful search and seizure runs from "'the time of injury,' when the plaintiff becomes aware of" the alleged violation. *Wolfe*, 412 F.3d at 714 (quotation omitted).

Here, Plaintiffs claim that the Detroit Police Officers searched their home on August 23, 2016. ECF 1, PgID 3. But Plaintiffs did not file the present complaint until August 28, 2019—more than three years after the alleged search occurred. *See* ECF 1. Plaintiffs argue that the complaint is timely because the limitations period was tolled by the previous complaint that related to the same search. ECF 24, PgID 168; *see Williams v. Detroit*, No. 19-cv-12473, ECF 1 (E.D. Mich. Aug. 22, 2019). Because of this previous complaint, Plaintiffs argue that they are entitled to equitable tolling.

But the tolling argument lacks merit. Plaintiffs rely on *Truitt v. Cty. of Wayne*, 148 F.3d 644 (6th Cir. 1998), to suggest that the Court may toll a limitations period. ECF 24, PgID 168. But *Truitt*'s limitations period and tolling rules apply to Federal Title VII claims, 148 F.3d at 646–47, while, as stated above, Michigan's limitations period and tolling rules apply to § 1983 claims, *see Hardin*, 490 U.S. at 539. It is well

3

established that the Michigan three-year tort limitations period and tolling rules apply to the § 1983 claims at issue here. *Id.*, *see Wolfe*, 412 F.3d at 714.

Michigan does not permit equitable tolling if a "statutory scheme controlled the limitations period and tolling." *Livingston v. C. Michael Villar, P.C.*, No. 299687, 2012 WL 639322, at *2 (Mich. Ct. App. Feb. 28, 2012) (per curiam) (citing *Trentadue v. Buckler Lawn Sprinkler Co.*, 479 Mich. 378, 406–07 (2007)) ("[I]f courts are free to cast aside a plain statute in the name of equity, . . . , then immeasurable damage [would] be caused to the separation of powers mandated by" the Michigan Constitution.). Mich. Comp. Laws § 600.5856 governs tolling. *See, e.g.*, *Williams v. Ortolano*. No. 06-10193, 2006 WL 2367360, at *2 (E.D. Mich. Aug. 14, 2006) (Duggan, J.) (applying Mich. Comp. Laws § 600.5856 to a 42 U.S.C. § 1983 claim). And the relevant portion of § 600.5856 states that the limitations period is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the" applicable time for service. Mich. Comp. Laws § 600.5856(a). Because the first complaint was dismissed and never served on Defendants, the limitations period never tolled under § 600.5856(a). Thus, Plaintiffs filed the present complaint after the three-year limitations period expired and the Court must grant Defendants' summary judgment motion.[1]

---

[1] Because the federal claim is now dismissed, the Court will dismiss the state IIED claim without prejudice and decline to exercise its supplemental jurisdiction. *See Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.") (quotations omitted).

4

## ORDER

**WHEREFORE** it is hereby **ORDERED** that Defendants' motion for summary judgment [23] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Intentional Infliction of Emotional Distress claim is **DISMISSED WITHOUT PREJUDICE**.

This is a final order that closes the case.

**SO ORDERED**.

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: March 24, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 24, 2021, by electronic and/or ordinary mail.

                                                  s/ David P. Parker
                                                  Case Manager